give way to the one on the right. Counsel for
defendant below requested no additional instruc-
tions regarding this phase of the case and were not
in any way prejudiced by the charge given.

We have examined the other questions raised by
the plaintiff in error and find that the record is
free from prejudicial error. The judgment will
therefore be affirmed.

*Judgment affirmed.*

RICHARDS, P. J., and YOUNG, J., concur.

---

ALLISON v. STEVENS, MAYOR.

*Writ of prohibition—Purpose of remedy and facts warranting
issuance—Municipal civil service—Section 486-19, General
Code—Mayor may both prepare and hear charges against
commissioner—Remedy against drastic statute in legisla-
ture and not courts—Insufficient evidence of improper ser-
vice or illegality of removal notice—Charges and specifica-
tions sufficient, when.*

1. Writ of "prohibition" granted by Constitution is an extra-
ordinary remedy for furtherance of justice to secure
proper regulation in proceedings of judicial character,
and should only issue in case of extreme necessity, and
not in doubtful case.

2. Under Section 486-19, General Code, mayor may prefer
charges to remove civil service commissioner, and at
same time hear charges on their merits.

3. Remedy for relief from drastic statute is in Legislature,
and not in courts.

4. In proceedings to prohibit hearing on removal of plain-
tiff as civil service commissioner, question whether notice
of removal was properly served is not before appellate
court, where there was no evidence that it was not
properly served, or that it was illegal in any way.

5. Specifications for removal of civil service commissioner need only give person removed from office opportunity to make proper defense, and are sufficient, under General Code, Section 486-19, if they fully advise commissioner that he is charged by mayor of claimed dereliction of duty, and failure to perform duties of office.

(Decided July 7, 1925.)

In Prohibition.

*Messrs. Fitzgibbon, Montgomery & Black,* for plaintiff.

*Mr. W. H. N. Stevens, in propria persona.*

Houck, P. J.  The petition in this case is for a writ of prohibition against the defendant, in which it is sought to prevent the mayor of the city of Newark, Licking county, from hearing the charges based on his (the mayor's) removal of the plaintiff, Joseph S. Allison, who is a civil service commissioner in the city of Newark.

We do not think it necessary to enter into a detailed discussion of the statements set forth in the petition, except to say that the allegations in said petition set forth two alleged grounds for the issuing of a writ of prohibition:

First.  That the notice of removal was insufficient in law.

Second.  That the charges are insufficient and do not, within themselves, constitute a violation of the civil service law or rules of the civil service commission of the city of Newark.

We have, in the hearing of this case, "let the bars down" and admitted some testimony, and we have excluded some. While much of the testimony is incompetent and irrelevant, and not perti-

nent to the issues raised by the petition and the answer, yet the court felt, in order to get a clear understanding of the situation, that we should permit the testimony to be given, and then, in our deliberations, would exclude that part which we felt was incompetent and irrelevant and only consider what was proper and applicable to the issues raised by the petition and the answer.

A suit in prohibition is an extraordinary proceeding. It savors of mandamus. It has many of the elements of injunction. In fact it was not used in this state for many years, until our state Constitution was amended in 1912, granting to the appellate courts of the state and to our Supreme Court, under proper facts shown, the right and authority to issue writs of prohibition.

The writ of prohibition is an extraordinary remedy, and should be used with great caution, and only for the furtherance of justice, to secure order and proper regulation in proceedings of a judicial character, and should be issued only in cases of extreme necessity. The writ should only issue where the right to do so is shown by the facts to be clear and convincing. It should never issue in a doubtful case.

Under the evidence offered here there is no foundation for the claim that the notice served on plaintiff of the filing of the charges and time of the hearing is insufficient in law. However, it is claimed that the specifications are insufficient in fact and law to warrant the removal of the plaintiff from the position he has been holding as civil service commissioner in the city of Newark.

It is urged by counsel for plaintiff that it is unfair and improper for a mayor to prefer charges

to remove a civil service commissioner and at the same time hear the charges upon their merits. If that be true, then the remedy therefor is not in our courts, but with the Legislature, because under Section 486-19, General Code, the Legislature, in its enactment, has said:

"The chief executive authority of such city may at any time remove any municipal civil service commissioner for inefficiency, neglect of duty, or malfeasance in office, having first given to such commissioner a copy of the charges against him and an opportunity to be publicly heard in person or by counsel in his own defense, and any such act of removal shall be final."

We have no hesitancy in saying that this is a drastic statute, like many other laws, but courts, as now constituted, would be derelict in their duty if they did not carry out the provisions of our statutory law. The remedy, then, is to be found in the Legislature, and not in our courts.

Under favor of this statute the defendant had a right to make these charges. He had a legal right to remove the plaintiff as a civil service commissioner, providing he did it under civil service rules and regulations and statutory provisions. Therefore the two questions for this court to determine are: First, was the notice of the removal properly served? There being no evidence on the part of the plaintiff that it was not properly served, or that it was in any way illegal, that question does not bother the court. The second question raised is as to whether the specifications and the charges are sufficient in fact and law. We are free to say that the specifications and charges are not as definite and certain as they might be, especially

the one relating to the published article in the American Tribune, yet at the same time we feel in law that the specifications should only be of such a nature and character as to give the person removed or sought to be removed from office an opportunity to defend and to make any proper defense that he may have. While the charges and specifications are not as specific as they might be, yet they are of such a character and nature as to fully advise the plaintiff that he is charged by the mayor of claimed dereliction of duty, and failure to properly perform the duties of civil service commissioner.

We are clearly of the opinion that the real question here is one of jurisdiction, and under the allegations of the petition and proven facts there is an absolute failure on the part of the plaintiff to show want of jurisdiction and power to act in the premises by the defendant mayor of the city of Newark.

Reaching this conclusion, there is but one thing for this court to do, and that is to refuse to allow the writ of prohibition and dismiss the petition, which is now done.

*Petition dismissed.*

Shields, J., concurs.
Patterson, J., dissents.